**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4693

SIMPSON QUEEN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-96-71)

Submitted: September 21, 1999

Decided: October 12, 1999

Before LUTTIG and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott E. Jarvis, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Simpson Queen was convicted by a jury of three counts of engaging in and attempting to engage in a sexual act involving contact between the penis and the vulva with a person under age twelve, in violation of 18 U.S.C.A. §§ 1153, 2241(c), 2246(2)(A) (West Supp. 1999), and one count of engaging in and attempting to engage in a sexual act involving contact between the mouth and the penis with a person under age twelve, in violation of 18 U.S.C.A.§§ 1153, 2241(c), 2246(2)(B) (West Supp. 1999). On appeal, Queen contends that: (1) the evidence was insufficient to sustain the convictions; (2) the district court erred by excluding evidence that the victim was abused by someone other than the Appellant years earlier; and (3) it was plain error for the court to permit an expert who did not treat or examine the victim to testify as to the diversity of reactions by children suffering from post-traumatic stress. Finding no reversible error, we affirm.

When reviewing the sufficiency of the evidence of a criminal conviction on direct review, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the instant appeal, there was direct evidence that Queen engaged in sexual activity with someone under age twelve on several occasions. Because a reviewing court cannot weigh the evidence or assess the credibility of the witnesses and must resolve all contradictions in favor of the Government, we find that the evidence was sufficient to sustain the convictions. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 119 S. Ct. 1032 (1999).

We also find that the district court did not err by granting the Government's motion in limine and excluding evidence of a prior incident of sexual abuse involving the victim. Such evidence is generally not admissible, and none of the exceptions applied. See Fed. R. Evid. 412(a)(1)-(b).

We also find that the district court did not err by permitting an expert to testify as to post-traumatic stress disorder and how it may

2

manifest in child-victims of sexual abuse. Because Queen did not object to this testimony, we review for plain error. <u>See United States v. Chin</u>, 83 F.3d 83, 87 (4th Cir. 1996). There was no error, because the expert's testimony was relevant and helpful to the jury in understanding facts in evidence. <u>See Kopf v. Skyrm</u>, 993 F.2d 374, 377 (4th Cir. 1993).

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3